# THE PARKER LAW GROUP P.C.

28 VALLEY ROAD
MONTCLAIR, NEW JERSEY 07042
PHONE: 347-292-9042
ghp@parkerlawusa.com

January 21, 2025

Via ECF

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York

Re:

*Sabrina Bennett v. Times Square Foods, LLC*

**Docket No. 1:24-cv-09350 (LGS)(KHP)**

Dear Judge Schofield:

*Application **GRANTED in part**. By **January 24, 2025**, Plaintiff shall file their proposed Second Amended Complaint.  Plaintiff shall file proof of service on the new Defendant by **February 6, 2025**.  The initial pretrial conference scheduled for January 29, 2025, is **ADJOURNED** to **February 26, 2025, at 4:10 P.M.**  The deadline for parties to file the joint letter and proposed civil case management plan is extended to **February 19, 2025**.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 9.*

*Dated: January 23, 2025*
*New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

We represent the plaintiff in the above-entitled action.  Because plaintiff must amend the complaint to name the proper defendant, plaintiff's writes to respectfully ask the Court: i) to adjourn the January 29, 2025 initial conference to a date in late March 2025; and ii) to grant plaintiff permission to file a Second Amended Complaint pursuant to Local Rule 15.1 and Rule 15(a)(2) of the Federal Rules of Civil Procedure or for a pre-motion conference for plaintiff to make a motion to amend the Complaint.

The proposed Second Amended Complaint seeks to name the proper defendant – R & L Three, Inc. – and drop the claims against the former defendant Times Square Foods, LLC.  This action concerns the wheelchair accessibility of a McDonald's restaurant located at 1188 6th Avenue in Manhattan.  Plaintiff originally named AJD Inc. as the defendant operator of the restaurant. But AJD Inc. advised Plaintiff that they were no longer the operator and that Times Square Foods, LLC assumed the operation of this McDonald's restaurant from them.  Plaintiff filed an amended complaint naming Times Square Foods, LLC as a defendant. Times Square Foods, LLC recently informed Plaintiff that, in June 2023, R & L Three, Inc. assumed the operation of this McDonald's restaurant.  Accordingly, plaintiff now seeks to name R & L Three, Inc. as the defendant in the proposed Second Amended Complaint.

The Second Amended Complaint does not add new claims. Pursuant to Local Rule 15.1, a copy of the proposed Second Amended Complaint is attached as an Exhibit "1" to this letter and Exhibit "2" is a redlined version showing the difference from the Amended Complaint.

## Legal Standard on a Motion to Amend

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading by leave of court and leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2); *see also Monahan v. New York City Dept. of Corrections,* 214 F.3d 275, 283 (2d Cir.2000) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Generally, amendments are favored because they "tend to facilitate a proper decision on the merits." *Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 396 (E.D.N.Y.1998) (internal quotation marks and citations omitted).

Where, as here, a proposed amendment adds a new party, the propriety of amendment is governed by Federal Rule of Civil Procedure 21 ("Rule 21"), which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21; *see Garcia v. Pancho Villa's of Huntington Vill., Inc.,* 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citing *Duling v. Gristede's Operating Corp.,* 265 F.R.D. 91 (S.D.N.Y. 2010)).  Rule 21 grants the court broad discretion to permit the addition of a party at any stage in the litigation. *Sullivan v. West New York Residential, Inc.,* 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003).

In deciding whether to permit the addition of defendants, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G & U, Inc.,* 86 F.R.D. 524, 528 (S.D.N.Y.1980) (quoting *Fair Hous. Dev. Fund Corp. v. Burke,* 55 F.R.D. 414, 419 (E.D.N.Y. 1972)). Thus, leave to amend a complaint to assert claims against additional defendants "should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *DeFazio v. Wallis,* 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006) (citing *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.,* 404 F.3d 566, 603–04 (2d Cir. 2005); and *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995).

## Application of the Law to the Facts

Here, plaintiff seeks to amend the Complaint before the initial conference and before any defendant has appeared in this action. Accordingly, plaintiff has not unduly delayed in seeking to amend. There being no evidence of bad faith, undue delay, or prejudice by the plaintiff in seeking to amend the Complaint, plaintiff respectfully asks the Court to grant permission to file and serve the Second Amended Complaint. Thank you for your time and attention to this matter. With kindest regards, I am

very truly yours,

Glen H. Parker, Esq.

2

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SABRINA BENNETT

                            Plaintiff,

        -against-

R & L THREE, INC.

                            Defendants.

------------------------------------------------------------------------x

**Docket: 1:24-cv-09350 (LGS)(KHP)**

**SECOND AMENDED COMPLAINT**

**JURY TRIAL REQUESTED**

## SECOND AMENDED COMPLAINT

      Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff Sabrina Bennett (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Second Amended Complaint in this action against defendant R & L Three, Inc. (also referred to as "Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

      1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code")  As explained more fully below, Defendant owns, leases, leases to, operates, and/or controls a place of public

accommodation that violates the above-mentioned laws. Defendant is vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2. This Defendant made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that it would never be caught. In so doing, Defendant made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendant to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendant's place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendant provides to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is in this district.

## PARTIES

5. Defendant R & L Three, Inc. is licensed to and does business in New York State.

6. Defendant R & L Three, Inc. leases property located at 1188 6th Avenue in New York County, New York (hereinafter referred to as "1188 6th Avenue").

2

7.      Since June 2023, defendant R & L Three, Inc. has and continues to operate a restaurant at 1188 6th Avenue doing business as McDonald's (hereinafter referred to as the "McDonald's" premises).

8.      Before June 2023, former party Times Square Foods LLC controlled and operated the McDonald's premises.

9.      In or around June 2023, former party Times Square Foods LLC assigned their McDonald's franchise to Defendant R & L Three, Inc.

10.     In or around June 2023, Defendant R & L Three, Inc. assumed the control and operation of the McDonald's premises.

11.     Since 2023, former party Times Square Foods LLC ceased the control and operation of the McDonald's premises.

12.     1188 6th Avenue is a building containing five levels and/or floors.

13.     1188 6th Avenue contains a cellar level, first floor level, second floor level, third floor level and a fourth-floor level.

14.     There is over 6,000 square feet of floor level space inside 1188 6th Avenue.

15.     At all times relevant to this action, Plaintiff Sabrina Bennett has been and remains currently a resident of the Bronx, New York.

16.     More specifically, Plaintiff resides in the Marble Hill section of the Bronx.

17.     The closest subway to Plaintiff's residence is the 1 Train at Marble Hill 225th Street.

18.     Plaintiff frequently travels into Manhattan and takes the 1 Train.

19.     1188 6th Avenue is located just two blocks away from 50th Street stop on the 1 train

20.    Plaintiff enjoys Midtown Manhattan for the shops and proximity to Rockefeller Center.

21.    Plaintiff also travels with her husband to the Rockefeller Center area because he frequently has work in that area.  During those times, Plaintiff will hang out and enjoy the Rockefeller Center area while her husband is at work.

22.    The McDonalds at 1188 6th Avenue is located less than a block from Rockefeller Center thereby making it incredibly convenient dining option for Plaintiff.

23.    At all times relevant to this action, Plaintiff Sabrina Bennett has been and remains a wheelchair user.  Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

24.    In November 2024, Plaintiff entered McDonald's with the intention of purchasing food and dining inside.

25.    Plaintiff observed that the first level of McDonald's had the order and pick-up counters, an adjacent area for the customers to wait online, and a staircase leading up.

26.    Plaintiff asked an employee of McDonald's as to whether there was a dining table on the first level and the employee responded "no."

27.    Plaintiff was informed that customers dined on the second and third levels of McDonald's.

28.    Plaintiff then asked the McDonald's employee for the location of an elevator to transport her up to the second or third levels.  The McDonald's employee responded that there was no elevator available.

29.    Plaintiff also observed that there were no bathrooms on the first level of McDonald's.

4

30.    Without a dining table or even space to the inside McDonald's on the first level, Plaintiff could not and did not purchase food to dine at McDonald's.

31.    McDonald's provides dining tables on the second and third floor levels of 1188 6th Avenue.

32.    McDonald's provides no dining tables on the first-floor level of 1188 6th Avenue.

33.    McDonald's provides bathroom facilities on the third-floor level of 1188 6th Avenue.

34.    McDonald's provides no bathroom facility on the first-floor level of 1188 6th Avenue.

35.    McDonald's provides no wheelchair accessible vertical access traveling from the first-floor level to the second and/or third floor levels of 1188 6th Avenue.

36.    Because of this architectural barrier as well as other architectural barriers identified herein, Plaintiff has been deterred from patronizing McDonald's.

37.    Plaintiff has patronized countless McDonald's restaurants, and she enjoys their food.

38.    Plaintiff intends on patronizing McDonald's restaurants in the future because she enjoys their food and the lower cost relative to the dining options in the Rockefeller Center area.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

39.    Defendant is a public accommodation as it owns, leases, leases to, controls and/or operates a place of public accommodation, the McDonald's premises located at 1188 6th Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

5

40.     The McDonald's premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

41.     Numerous architectural barriers exist at the McDonald's premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

42.     Upon information and belief, at some time after January 1992, alterations were made to 1188 6th Avenue, including areas adjacent and/or attached to 1188 6th Avenue.

43.     Upon information and belief, at some time after January 1992, alterations were made to the McDonald's premises, and to areas of 1188 6th Avenue related to the McDonald's premises.

44.     The services, features, elements and spaces of the McDonald's premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

45.     Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the McDonald's premises that are open and available to the public.

6

46.     Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

47.     Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the McDonald's premises as well as architectural barriers that exist include, but are not limited to, the following:

I.   Defendant fails to provide access to the other levels of its restaurant and the toilet room is not located on the main floor.  See Administrative Code § 27-292.5(e).

II.  Defendant fails to provide access to all the dining areas. See 1991 Standards § 5.4; and the 2010 Standards §§ 206.5, 206, 403.

III. Defendant fails to provide access to the upstairs dining area due to multiple steps leading to the upstairs area, and the services and décor in the upstairs dining area is different, including, but not limited to, seating at or near windows, railings with views, entertainment.  See 1991 Standards §§ 5.4, 4.3; and the 2010 Standards §§ 206.2.5, 206, 402.2.

IV.  Defendant does not provide an accessible public entrance.  See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

V.   The primary entrance to Defendant's public accommodation is not accessible.  See Administrative Code §§ 27-292.5(a) and 27-357(d).

VI.  Defendant fails to provide an accessible route to the primary entrance from the sidewalk and/or street.  See Administrative Code § 27-292.5(b).

VII. Defendant does not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance that coincides with the general circulation path used by patrons to the public accommodation thereby relegating plaintiff to a "second class citizen" entrance and exit.  See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

VIII. At the inaccessible public entrance, Defendant does not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible entrance.  See 1991 Standards §§

7

4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

IX.   Defendant has an inaccessible public entrance and fails to provide and display the International Symbol of Accessibility at a designated accessible entrance.  See 1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

X.   Defendant fails to provide that no changes in level exist inside the required minimum maneuvering clearance at the ground space in front of the public entrance door.  See 1991 Standards §§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010 Standards §§ 305.2, 302, 304.2, 404.2.4.4.

XI.   The interior space of Defendant's public accommodation is not accessible and usable to the disabled plaintiff.  See Administrative Code §§ 27-292.10 and 27-292.5.

XII.   Defendant fails to provide that at least one and not less than 5% of seating and standing spaces and/or dining surfaces are accessible and dispersed throughout the premises.  See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1; BCCNY §§ 1108.2.9.1, 1109.11; and Administrative Code § 27-292.10(3).

XIII.   Defendant fails to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating.  See 1991 Standards §§ 5.3, 4.32.2; 2010 Standards §§ 403, 206.2.5, 902.2; and BCCNY § 1108.2.9.

XIV.   Defendant fails to provide the minimum required maneuvering clearances of level and clear space in front of the seating for dining.  See 1991 Standards §§ 4.32.2, 5.3; and 2010 Standards §§ 305.3, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

XV.   Defendant fails to provide a space for dining where plaintiff's wheelchair does not overlap the accessible route and/or a space that adjoins an accessible route.  See 1991 Standards §§ 4.32.2, 5.1, 5.3; and 2010 Standards §§ 305.6, 802.1.4.

XVI.   Defendant fails to provide a space for dining where plaintiff's wheelchair does not overlap the general circulation path and/or emergency egress routes.  See 1991 Standards §§ 5.1, 5.3, 4.32.2, 4.2.4; and 2010 Standards § 802.1.5.

XVII.   Defendant fails to provide the International Symbol of Accessibility at its designated accessible seating.  BCCNY § 11010.1(9).

XVIII.   Defendant fails to provide dining tables and/or surfaces that are at an accessible height.  See 1991 Standards §§ 4.32.4, 5.1; and 2010 Standards § 902.3.

XIX.   Defendant fails to provide dining tables and/or surfaces that have the minimum required knee clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XX.   Defendant fails to provide dining tables and/or surfaces that have the minimum required toe clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XXI.   Defendant fails to provide a bench seat of sufficient length or depth.  See 2010 Standards § 903.3.

XXII.   Defendant fails to provide that the top of the bench seat is between 17 inches and 19 inches above the finished floor.  See 2010 Standards § 903.5.

XXIII.   Defendant fails to provide a bench seat with the minimum required back support.  See 2010 Standards § 903.4.

XXIV.   Defendant fails to provide that the running slope of the interior ramp/walkway to the second entrance door is no greater than the maximum permissible slope.  See 1991 Standards §§ 4.1.3(1), 4.3.7, 4.8.1, 4.8.2; and 2010 Standards § 405.2.

XXV.   Defendant has not used the least steep possible slope for the ramp/walkway.  See 1991 Standards § 4.8.2; and 2010 Standards § 405.

XXVI.   Defendant fails to provide a level landing that is sixty inches in length and of equal width to the ramp at the top and bottom of the ramp.  See 28 C.F.R. §§ 36.302(a), 36.304(e); 1991 Standards §§ 4.1.3(1), 4.3.7, 4.3.8 and 4.8.4; and 2010 Standards § 405.7.

XXVII.   Defendant fails to provide that the handrails extend at least 12 inches beyond the top and bottom of the ramp/walkway in a parallel and rounded return.  See 1991 Standards §§ 4.8.5(2), 4.8.5(6); and 2010 Standards § 505.10.

XXVIII.   Defendant fails to provide a 60-inch level landing of equal width on the ramp/walkway after each 30-inch rise in height.  See 1991 Standards §§ 4.8.2, 4.8.4; and 2010 Standards §§ 405.6, 405.7.3, 405.7.1, 405.7.2.

XXIX.   Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the non-automatic door entrance.  See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

XXX.   Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the non-automatic door exit.  See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

XXXI.   Defendant's interior door requires more than five pounds of force to open.  See 1991 Standards § 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9.

XXXII.   Defendant fails to provide an accessible public toilet room.  See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604,

605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

XXXIII.  Defendant fails to provide that the pipes under the lavatory are insulated, nonabrasive, or otherwise protected against contact thereby exposing plaintiff to severe personal injury. See 1991 Standards §§ 4.1.3(11), 4.19.4, 4.22.6, 4.24.6; and 2010 Standards §§ 213.3.4, 606.5.

XXXIV.  Defendant fails to provide the minimum required unobstructed floor space in front of the lavatory in the public toilet room.  See 1991 Standards §§ 4.19.3, 4.1.3(11), 4.22.3, 4.22.6, 4.23.2 4.24.5; and 2010 Standards §§ 213.3.4, 606.2, 305, 306.

XXXV.  Defendant fails to provide an accessible route to all the fixtures within the public toilet room.  See 1991 Standards §§ 4.1.3(1), 4.3.3, 4.3.8, and 4.22.3, 4.23.3.

XXXVI.  Defendant's interior toilet room door requires more than five pounds of force to open. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9, 604.8.1.2.

XXXVII.  Defendant fails to provide that the distance from the centerline of the toilet paper dispenser to the front of the toilet is between 7 inches and 9 inches.  See 1991 Standards § 4.16.6; and 2010 Standards § 604.7.

XXXVIII.  Defendant fails to provide that there is at least 12 inches of clear vertical space above the grab bar to the toilet paper dispenser.  See 1991 Standards § 4.16.6; and 2010 Standards § 609.3.

48.     Upon information and belief, a full inspection of the McDonald's premises will reveal the existence of other barriers to access.

49.     As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the McDonald's premises to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

10

50.     Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

51.     Defendant has not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided accommodations or modifications for persons with disabilities.

52.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the McDonald's premises continue to exist and deter Plaintiff.

53.     Plaintiff frequently travels to the area where the McDonald's premises is located.

54.     Plaintiff intends to patronize the McDonald's premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

55.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the McDonald's premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

56.     Plaintiff intends to patronize the McDonald's premises several times a year as "tester" to monitor, ensure, and determine whether the McDonald's premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

57.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

58.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility and also has restricted use of arms and hands.

59.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

60.     Under the ADA, both the property owner and lessee are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement).  28 C.F.R. 36.201(b).

61.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.  Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

62.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

63.     Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

64.     The McDonald's premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

65.     Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

66.     The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

67.     Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendant's place of public accommodation fully accessible.

68.     By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

69.     In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

70.     Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

71.     Defendant has and continues to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

## SECOND CAUSE OF ACTION
### (Violations of The New York State Human Rights Law)

72.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

73.     Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking

13

and body motion range.  Plaintiff therefore has from a disability within the meaning of the Executive Law § 296(21).

74.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed".  See Executive Law § 300 [effective date: August 12, 2019].

75.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

76.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.

77.     Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.

78.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

79.     In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

14

80.    It would be readily achievable to make Defendant's place of public accommodation fully accessible.

81.    It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

82.    As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

83.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(Violations of the New York City Human Rights Law)**

84.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

85.    Plaintiff has various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

86.    Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

87.     Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

88.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

89.     Defendant has subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

90.     Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

91.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce others in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

92.     Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

16

93.     Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

94.     Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL.  Unless Defendant are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.  In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

95.     As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

96.     Upon information and belief, Defendant's long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

97.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

98.     Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

99.     By refusing to make their place of public accommodation accessible, Defendant has unlawfully profited from their discriminatory conduct by collecting revenue from a non-

17

compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space.  Defendant's unlawful profits plus interest must be disgorged.

100.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violations of the New York State Civil Rights Law)

101.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

102.    Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

103.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

104.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

105.    Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendant to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

106.    Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

18

107.    Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A.    Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.    Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.    Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.    Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

E.    Award Plaintiff punitive damages to punish and deter the Defendant for their violations of the NYCHRL;

F.    Award Plaintiff the monetary penalties for each violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

19

G.    Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

H.    For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: January 21, 2025

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:_____
        Glen H. Parker, Esq.
        Attorneys for Plaintiff
        28 Valley Road
        Montclair, New Jersey 07042
        Telephone: (347) 292-9042
        Email: ghp@parkerlawusa.com

20

EXHIBIT "2"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SABRINA BENNETT

                                    Plaintiff,

              -against-

~~TIMES SQUARE FOODS, LLC~~ R & L THREE, INC.

                                ~~Defendant~~Defendants.
------------------------------------------------------------------------x

**Docket: 1:24-cv-09350 (LGS)(KHP)**

**<u>SECOND</u> AMENDED COMPLAINT**

**JURY TRIAL REQUESTED**

## <u>SECOND</u> <u>AMENDED COMPLAINT</u>

      Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff Sabrina Bennett (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Second Amended Complaint in this action against defendant ~~Times Square Foods, LLC (hereinafter~~ R & L Three, Inc. (also referred to as "Defendant~~")~~"), hereby alleges as follows:

### <u>NATURE OF THE CLAIMS</u>

      1.     This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").  As explained more fully below, Defendant owns, leases, leases to, operates, and/or controls a place of public

accommodation that violates the above-mentioned laws.  Defendant is vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      This Defendant made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that it would never be caught.  In so doing, Defendant made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendant to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendant's place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendant provides to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is in this district.

## PARTIES

5.      Defendant ~~Times Square Foods, LLC~~ R & L Three, Inc. is licensed to and does business in New York State.

2

6.      Defendant ~~Times Square Foods, LLC~~R & L Three, Inc. leases property located at 1188 6th Avenue in New York County, New York (hereinafter referred to as "1188 6th Avenue").

7.      ~~At all relevant times~~Since June 2023, defendant ~~Times Square Foods, LLC~~R & L Three, Inc. has and continues to operate a restaurant at 1188 6th Avenue doing business as McDonald's (hereinafter referred to as the "McDonald's" premises).

8.      Before June 2023, former party Times Square Foods LLC controlled and operated the McDonald's premises.

9.      In or around June 2023, former party Times Square Foods LLC assigned their McDonald's franchise to Defendant R & L Three, Inc.

10.     In or around June 2023, Defendant R & L Three, Inc. assumed the control and operation of the McDonald's premises.

11.     Since 2023, former party Times Square Foods LLC ceased the control and operation of the McDonald's premises.

~~8.~~12.   1188 6th Avenue is a building containing five levels and/or floors.

~~9.~~13.   1188 6th Avenue contains a cellar level, first floor level, second floor level, third floor level and a fourth-floor level.

~~10.~~14.  There is over 6,000 square feet of floor level space inside 1188 6th Avenue.

~~11.~~15.  At all times relevant to this action, Plaintiff Sabrina Bennett has been and remains currently a resident of the Bronx, New York.

~~12.~~16.  More specifically, Plaintiff resides in the Marble Hill section of the Bronx.

~~13.~~17.  The closest subway to Plaintiff's residence is the 1 Train at Marble Hill 225th Street.

14.18.   Plaintiff frequently travels into Manhattan and takes the 1 Train.

15.19.   1188 6th Avenue is located just two blocks away from 50th Street stop on the 1

train

16.20.   Plaintiff enjoys Midtown Manhattan for the shops and proximity to Rockefeller

Center.

17.21.   Plaintiff also travels with her husband to the Rockefeller Center area because he

frequently has work in that area.  During those times, Plaintiff will hang out and enjoy the

Rockefeller Center area while her husband is at work.

18.22.   The McDonalds at 1188 6th Avenue is located less than a block from Rockefeller

Center thereby making it incredibly convenient dining option for Plaintiff.

19.23.   At all times relevant to this action, Plaintiff Sabrina Bennett has been and remains

a wheelchair user.  Plaintiff has medical conditions that inhibit walking and restrict body motion

range and movement.

20.24.   In November 2024, Plaintiff entered McDonald's with the intention of purchasing

food and dining inside.

21.25.   Plaintiff observed that the first level of McDonald's had the order and pick-up

counters, an adjacent area for the customers to wait online, and a staircase leading up.

22.26.   Plaintiff asked an employee of McDonald's as to whether there was a dining table

on the first level and the employee responded "no."

23.27.   Plaintiff was informed that customers dined on the second and third levels of

McDonald's.

4

24.28.  Plaintiff then asked the McDonald's employee for the location of an elevator to transport her up to the second or third levels.  The McDonald's employee responded that there was no elevator available.

25.29.  Plaintiff also observed that there were no bathrooms on the first level of McDonald's.

26.30.  Without a dining table or even space to the inside McDonald's on the first level, Plaintiff could not and did not purchase food to dine at McDonald's.

27.31.  McDonald's provides dining tables on the second and third floor levels of 1188 6th Avenue.

28.32.  McDonald's provides no dining tables on the first-floor level of 1188 6th Avenue.

29.33.  McDonald's provides bathroom facilities on the third-floor level of 1188 6th Avenue.

30.34.  McDonald's provides no bathroom facility on the first-floor level of 1188 6th Avenue.

31.35.  McDonald's provides no wheelchair accessible vertical access traveling from the first-floor level to the second and/or third floor levels of 1188 6th Avenue.

32.36.  Because of this architectural barrier as well as other architectural barriers identified herein, Plaintiff has been deterred from patronizing McDonald's.

33.37.  Plaintiff has patronized countless McDonald's restaurants, and she enjoys their food.

34.38.  Plaintiff intends on patronizing McDonald's restaurants in the future because she enjoys their food and the lower cost relative to the dining options in the Rockefeller Center area.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

5

35.39.  Defendant is a public accommodation as it owns, leases, leases to, controls and/or operates a place of public accommodation, the McDonald's premises located at 1188 6th Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

36.40.  The McDonald's premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

37.41.  Numerous architectural barriers exist at the McDonald's premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

38.42.  Upon information and belief, at some time after January 1992, alterations were made to 1188 6th Avenue, including areas adjacent and/or attached to 1188 6th Avenue.

39.43.  Upon information and belief, at some time after January 1992, alterations were made to the McDonald's premises, and to areas of 1188 6th Avenue related to the McDonald's premises.

40.44.  The services, features, elements and spaces of the McDonald's premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

6

41.45.  Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the McDonald's premises that are open and available to the public.

42.46.  Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

43.47.  Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the McDonald's premises as well as architectural barriers that exist include, but are not limited to, the following:

I. Defendant fails to provide access to the other levels of its restaurant and the toilet room is not located on the main floor.  See Administrative Code § 27-292.5(e).

II. Defendant fails to provide access to all the dining areas. See 1991 Standards § 5.4; and the 2010 Standards §§ 206.5, 206, 403.

III. Defendant fails to provide access to the upstairs dining area due to multiple steps leading to the upstairs area, and the services and décor in the upstairs dining area is different, including, but not limited to, seating at or near windows, railings with views, entertainment.  See 1991 Standards §§ 5.4, 4.3; and the 2010 Standards §§ 206.2.5, 206, 402.2.

IV. Defendant does not provide an accessible public entrance.  See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

V. The primary entrance to Defendant's public accommodation is not accessible.  See Administrative Code §§ 27-292.5(a) and 27-357(d).

VI. Defendant fails to provide an accessible route to the primary entrance from the sidewalk and/or street.  See Administrative Code § 27-292.5(b).

VII. Defendant does not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance that coincides with the general circulation path used by patrons to the public accommodation thereby

relegating plaintiff to a "second class citizen" entrance and exit. See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

VIII.   At the inaccessible public entrance, Defendant does not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible entrance. See 1991 Standards §§ 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

IX.   Defendant has an inaccessible public entrance and fails to provide and display the International Symbol of Accessibility at a designated accessible entrance. See 1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

X.   Defendant fails to provide that no changes in level exist inside the required minimum maneuvering clearance at the ground space in front of the public entrance door. See 1991 Standards §§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010 Standards §§ 305.2, 302, 304.2, 404.2.4.4.

XI.   The interior space of Defendant's public accommodation is not accessible and usable to the disabled plaintiff. See Administrative Code §§ 27-292.10 and 27-292.5.

XII.   Defendant fails to provide that at least one and not less than 5% of seating and standing spaces and/or dining surfaces are accessible and dispersed throughout the premises. See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1; BCCNY §§ 1108.2.9.1, 1109.11; and Administrative Code § 27-292.10(3).

XIII.   Defendant fails to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating. See 1991 Standards §§ 5.3, 4.32.2; 2010 Standards §§ 403, 206.2.5, 902.2; and BCCNY § 1108.2.9.

XIV.   Defendant fails to provide the minimum required maneuvering clearances of level and clear space in front of the seating for dining. See 1991 Standards §§ 4.32.2, 5.3; and 2010 Standards §§ 305.3, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

XV.   Defendant fails to provide a space for dining where plaintiff's wheelchair does not overlap the accessible route and/or a space that adjoins an accessible route. See 1991 Standards §§ 4.32.2, 5.1, 5.3; and 2010 Standards §§ 305.6, 802.1.4.

XVI.   Defendant fails to provide a space for dining where plaintiff's wheelchair does not overlap the general circulation path and/or emergency egress routes. See 1991 Standards §§ 5.1, 5.3, 4.32.2, 4.2.4; and 2010 Standards § 802.1.5.

8

XVII.   Defendant fails to provide the International Symbol of Accessibility at its designated accessible seating.  BCCNY § 11010.1(9).

XVIII.   Defendant fails to provide dining tables and/or surfaces that are at an accessible height.  See 1991 Standards §§ 4.32.4, 5.1; and 2010 Standards § 902.3.

XIX.   Defendant fails to provide dining tables and/or surfaces that have the minimum required knee clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XX.   Defendant fails to provide dining tables and/or surfaces that have the minimum required toe clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XXI.   Defendant fails to provide a bench seat of sufficient length or depth.  See 2010 Standards § 903.3.

XXII.   Defendant fails to provide that the top of the bench seat is between 17 inches and 19 inches above the finished floor.  See 2010 Standards § 903.5.

XXIII.   Defendant fails to provide a bench seat with the minimum required back support.  See 2010 Standards § 903.4.

XXIV.   Defendant fails to provide that the running slope of the interior ramp/walkway to the second entrance door is no greater than the maximum permissible slope.  See 1991 Standards §§ 4.1.3(1), 4.3.7, 4.8.1, 4.8.2; and 2010 Standards § 405.2.

XXV.   Defendant has not used the least steep possible slope for the ramp/walkway.  See 1991 Standards § 4.8.2; and 2010 Standards § 405.

XXVI.   Defendant fails to provide a level landing that is sixty inches in length and of equal width to the ramp at the top and bottom of the ramp.  See 28 C.F.R. §§ 36.302(a), 36.304(e); 1991 Standards §§ 4.1.3(1), 4.3.7, 4.3.8 and 4.8.4; and 2010 Standards § 405.7.

XXVII.   Defendant fails to provide that the handrails extend at least 12 inches beyond the top and bottom of the ramp/walkway in a parallel and rounded return.  See 1991 Standards §§ 4.8.5(2), 4.8.5(6); and 2010 Standards § 505.10.

XXVIII.   Defendant fails to provide a 60-inch level landing of equal width on the ramp/walkway after each 30-inch rise in height.  See 1991 Standards §§ 4.8.2, 4.8.4; and 2010 Standards §§ 405.6, 405.7.3, 405.7.1, 405.7.2.

XXIX.   Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the non-automatic door entrance.  See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

XXX.    Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the non-automatic door exit.  See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

XXXI.    Defendant's interior door requires more than five pounds of force to open.  See 1991 Standards § 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9.

XXXII.    Defendant fails to provide an accessible public toilet room.  See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

XXXIII.    Defendant fails to provide that the pipes under the lavatory are insulated, nonabrasive, or otherwise protected against contact thereby exposing plaintiff to severe personal injury.  See 1991 Standards §§ 4.1.3(11), 4.19.4, 4.22.6, 4.24.6; and 2010 Standards §§ 213.3.4, 606.5.

XXXIV.    Defendant fails to provide the minimum required unobstructed floor space in front of the lavatory in the public toilet room.  See 1991 Standards §§ 4.19.3, 4.1.3(11), 4.22.3, 4.22.6, 4.23.2 4.24.5; and 2010 Standards §§ 213.3.4, 606.2, 305, 306.

XXXV.    Defendant fails to provide an accessible route to all the fixtures within the public toilet room.  See 1991 Standards §§ 4.1.3(1), 4.3.3, 4.3.8, and 4.22.3, 4.23.3.

XXXVI.    Defendant's interior toilet room door requires more than five pounds of force to open.  See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9, 604.8.1.2.

XXXVII.    Defendant fails to provide that the distance from the centerline of the toilet paper dispenser to the front of the toilet is between 7 inches and 9 inches.  See 1991 Standards § 4.16.6; and 2010 Standards § 604.7.

XXXVIII.    Defendant fails to provide that there is at least 12 inches of clear vertical space above the grab bar to the toilet paper dispenser.  See 1991 Standards § 4.16.6; and 2010 Standards § 609.3.

44.48.  Upon information and belief, a full inspection of the McDonald's premises will

reveal the existence of other barriers to access.

45.49.  As required by the ADA (remedial civil rights legislation) to properly

remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the McDonald's premises to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

46.50.  Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

47.51.  Defendant has not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws.  Nor have Defendant made or provided accommodations or modifications for persons with disabilities.

48.52.  Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination.  The barriers to access within the McDonald's premises continue to exist and deter Plaintiff.

49.53.  Plaintiff frequently travels to the area where the McDonald's premises is located.

50.54.  Plaintiff intends to patronize the McDonald's premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

51.55.  Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the McDonald's premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

52.56.  Plaintiff intends to patronize the McDonald's premises several times a year as "tester" to monitor, ensure, and determine whether the McDonald's premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

11

**FIRST CAUSE OF ACTION**
(**Violations of the Americans with Disabilities Act**)

53.57.  Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

54.58.  Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

55.59.  The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

56.60.  Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement).  28 C.F.R. 36.201(b).

57.61.  Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.  Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

58.62.  By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

59.63.  Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable

12

by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

60.64.  The McDonald's premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

61.65.  Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

62.66.  The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

63.67.  Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendant's place of public accommodation fully accessible.

64.68.  By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

65.69.  In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

66.70.  Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

67.71.  Defendant has and continues to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

**SECOND CAUSE OF ACTION**

13

**(Violations of The New York State Human Rights Law)**

~~68.~~72.  Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

~~69.~~73.  Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore has from a disability within the meaning of the Executive Law § 296(21).

~~70.~~74.  In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed".  See Executive Law § 300 [effective date: August 12, 2019].

~~71.~~75.  By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

~~72.~~76.  Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.

~~73.~~77.  Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.

14

74.78.  Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

75.79.  In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

76.80.  It would be readily achievable to make Defendant's place of public accommodation fully accessible.

77.81.  It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

78.82.  As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

79.83.  Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Violations of the New York City Human Rights Law)**

80.84.  Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

81.85.  Plaintiff has various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

15

82.86.  Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

83.87.  Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

84.88.  Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

85.89.  Defendant has subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

86.90.  Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

87.91.  In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce others in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

88.92.  Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

89.93.  Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

90.94.  Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL.  Unless Defendant are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.  In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

91.95.  As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

92.96.  Upon information and belief, Defendant's long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

93.97.  By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

17

94.98.  Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

95.99.  By refusing to make their place of public accommodation accessible, Defendant has unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space.  Defendant's unlawful profits plus interest must be disgorged.

96.100.      Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violations of the New York State Civil Rights Law)

97.101.      Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

98.102.      Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

99.103.      Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

100.104.      Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

18

101.105.        Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendant to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

102.106.        Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

103.107.        Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A.        Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.        Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.        Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

19

D.      Award Plaintiff compensatory damages and nominal damages because of

Defendant's violations of the NYSHRL and the NYCHRL;

E.      Award Plaintiff punitive damages to punish and deter the Defendant for their

violations of the NYCHRL;

F.      Award Plaintiff the monetary penalties for each violation of the law, per

defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.      Find that Plaintiff is a prevailing party and award reasonable attorney's fees,

costs, and expenses pursuant to the NYCHRL, and the ADA; and

H.      For such other and further relief, at law or in equity, to which Plaintiff may be

justly entitled.

Dated: January 21, 2025

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:_____
          Glen H. Parker, Esq.
          Attorneys for Plaintiff
          28 Valley Road
          Montclair, New Jersey 07042
          Telephone: (347) 292-9042
          Email: ghp@parkerlawusa.com

20